# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:21-cv-454 |
| | ) |
| 0.6388 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATE IN CHESAPEAKE, VIRGINIA AND | ) |
| MARGARET H. PETERSON, TRUSTEE OF | ) |
| THE MARGARET H. PETERSON TRUST | ) |
| DATED AUGUST 27, 1991 AND | ) |
| REPUBLISHED MARCH 16, 2006, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT IN CONDEMNATION
## AND GROUNDS OF DEFENSE

NOW COMES Margaret H. Peterson, Trustee of the Margaret H. Peterson Trust dated August 27, 1991 and republished March 16, 2006, the Defendant and owner of 0.6388 acres of land, more or less, situated in the City of Chesapeake, Commonwealth of Virginia, by counsel, and as for her Answer to Complaint in Condemnation states as follows:

1.   On information and belief, the Defendant admits the allegations of Paragraph One.

2.   Paragraph Two contains conclusions of law to which no response is required. To the extent any response is required, on information and belief, the Defendant admits the allegations in Paragraph Two.

3.   As to Paragraph Three, the Defendant admits that Schedule A was attached to the Complaint and states that the document speaks for itself. To the extent that Paragraph Three or Schedule A contain legal conclusions, no response is required. To the extent any further

response is required, the Defendant, on information and belief, admits the allegations of Paragraph Three.

4. As to Paragraph Four, the Defendant admits that Schedule B was attached to the Complaint and states that the document speaks for itself. Upon information and belief, the Defendant admits Paragraph Four.

5. As to Paragraph Five, the Defendant admits that Schedule C was attached to the Complaint and states that the document speaks for itself. Upon information and belief, the Defendant admits Paragraph Five.

6. As to Paragraph Six, the Defendant admits that Schedule D was attached to the Complaint and states that the document speaks for itself. Upon information and belief, the Defendant admits Paragraph Six.

7. As to Paragraph Seven, the Defendant admits that Schedule E was attached to the Complaint and states that the document speaks for itself. Upon information and belief, the Defendant admits Paragraph Seven.

8. As to Paragraph Eight, the Defendant admits that a statement of estimated just compensation was provided as set forth in Schedule F. The Defendant denies that this amount constitutes just compensation as required by the Fifth Amendment to the United States Constitution, and asks for a trial by jury and the funds on deposit with the Clerk of Court be released to the Defendant.

9. As to Paragraph Nine, the Defendant admits that Schedule G was attached to the Complaint and states that the document speaks for itself. The Defendant denies that Schedule G accurately sets forth the names and addresses of the parties who have an interest in said land or the just compensation for the taking of said land. The Defendant affirmatively states that on the

date the Complaint in Condemnation and Declaration of Taking were filed, August 6, 2021, only Margaret H. Peterson, Trustee of the Margaret H. Peterson Trust, dated August 27, 1991 and republished March 16, 2006, owned or held any interest in the property.  The Defendant further affirmatively states that as of the date the Complaint in Condemnation and Declaration of Taking were filed, there were no outstanding real estate taxes owed to the Chesapeake City Treasurer.

      10.      The Defendant requests and demands a trial by jury pursuant to Fed. R. Civ. P. 71.1(h).

## GROUNDS OF DEFENSE

The Defendant, Margaret H. Peterson, Trustee of the Margaret H. Peterson Trust dated August 27, 1991 and republished March 16, 2006, raises the following grounds of defense, pursuant to Rule 71.1(e)(2)(C) of the Federal Rules of Civil Procedure:

      1.      The Plaintiff has failed to comply with the requirements of 42 U.S.C. § 4651, as it has failed to provide an appraisal relating to the proposed acquisition of property rights from the Defendant, and has failed to engage in good faith negotiations with the Defendant before initiating this matter.

      2.      The Plaintiff has failed to comply with the requirements of the Uniform Relocation Assistance Act, 42 U.S.C. § 4621 – 4638, and has not provided for any relocation assistance to the Defendant as a result of the proposed project and taking of the Defendant's property.

      3.      The Defendant objects to the foregoing proceedings before the Court on the grounds that it has previously filed a Complaint against the United States in the United States Court of Federal Claims, alleging that the United States, by and through the Army Corps of Engineers, has taken and damaged the Defendant's property without payment of just

compensation prior to the filing of the Plaintiff's Complaint in Condemnation and Declaration of Taking. *See Peterson v. United States*, No. 1:21-cv-01364-TMD (Ct. Cl. filed May 17, 2021).

4. The Defendants object to the use of August 6, 2021, the date the Complaint in Condemnation and Declaration of Taking were filed, as the date of taking for the purposes of valuing the property in this matter. *See United States v. Dow*, 357 U.S. 17, 21-23 (1958) ("The usual rule is that if the United States has entered into possession of the property prior to the acquisition of title, it is the former event which constitutes the act of taking. It is that event [and not the later filing of a Declaration of Taking] which gives rise to the claim for compensation and fixes the date as of which the land is to be valued and the Government's obligation to pay interest accrues."); *Hurley v. Kincaid*, 285 U.S. 95, 104 (1932) (Where government action constitutes a taking, the landowner "can recover just compensation under the Tucker Act, in an action at law as upon an implied contract."); *Althus v. United States*, 7 Cl. Ct. 688, 692; 696-97 (1985) (continuous governmental action "propound[ing] its intent to acquire the plaintiff's land by eminent domain," coupled with threats to do so and interference with the owner's property rights "paralyzed" the owner's use and enjoyment of the property and constituted a taking).

5. The Defendant, Margaret H. Peterson, Trustee of the Margaret H. Peterson Trust dated August 27, 1991 and republished March 16, 2006, objects to the inclusion of Margaret H. Peterson in her individual capacity, Mr. Mark Peterson, or the Chesapeake City Treasurer, as defendants in this matter as these persons or entities do not own any interest in the property which is the subject of these proceedings, and are not entitled to any portion of any just compensation determined in this matter.

6. The Defendant reserves the right to raise any grounds of defense which may become apparent in the discovery process or by later actions of the Plaintiff in this litigation.

WHEREFORE, the Defendant, Margaret H. Peterson, Trustee of the Margaret H. Peterson Trust dated August 27, 1991 and republished March 16, 2006, respectfully prays that the Court sustain her grounds of defense and dismiss this matter, but that if the Court overrules the grounds of defense, the Defendant prays that a jury be empaneled and that she be awarded just compensation for the taking of her property, that she be awarded reasonable costs and attorney's fees, and any other relief as justice so requires.

TRIAL BY JURY IS DEMANDED.

**MARGARET H. PETERSON, TRUSTEE OF THE MARGARET H. PETERSON TRUST DATED AUGUST 27, 1991 AND REPUBLISHED MARCH 16, 2006**

By: _____/s/_____
Brian G. Kunze (VSB No.: 76948)
Blake A. Willis (VSB No.: 93854)
WALDO & LYLE, P.C.
301 W. Freemason Street
Norfolk, VA 23510
Telephone: (757) 622-5812
Facsimile: (757) 622-5815
bgk@waldoandlyle.com
baw@waldoandlyle.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and exact copies of the foregoing Answer to Complaint in Condemnation and Grounds of Defense have been served upon the following via the CM/ECF system on this 30th day of August, 2021:

Reade E. Wilson, Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
Counsel for the United States
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044

Clare P. Wuerker
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Counsel for the United States
2100 Jamieson Avenue
Alexandria, VA 22314-5702

       /s/ Brian G. Kunze
Brian G. Kunze (VSB No.: 76948)
Blake A. Willis (VSB No.: 93854)
WALDO & LYLE, P.C.
301 W. Freemason Street
Norfolk, VA 23510
Telephone: (757) 622-5812
Facsimile: (757) 622-5815
bgk@waldoandlyle.com
baw@waldoandlyle.com